LADEW v. SLEIGH.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. VENUE (§ 28*)—RESIDENCE—EVIDENCE.

    Evidence on a motion for change of venue *held* to show that plaintiff was a resident of a certain county, authorizing a change of venue to such county.

    [Ed. Note.—For other cases, see Venue, Cent. Dig. § 42; Dec. Dig. § 28.*]

Appeal from Special Term, New York County.

Action by Louise Berry Wall Ladew, as executrix of the last will and testament of Edward R. Ladew, deceased, against Arthur H. Sleigh. From an order denying motion to change the venue, defendant appeals. Reversed.

See, also, 133 App. Div. 887, 117 N. Y. Supp. 1138.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

David C. Bennett, Jr., for appellant.
E. C. Crowley, for respondent.

SCOTT, J. Appeal from order denying motion to change place of trial from New York to Nassau county. This action was begun by publication extending from August to December, 1909.

The plaintiff is obviously a resident of Nassau county. On January 27, 1909, she made an affidavit, to avoid taxation in New York county, that she then resided in and had for 15 years been a resident of Nassau county. On or about May 15, 1909, she executed a deed of real estate in this county, in which she described herself as of "the village of Glen Cove, New York," which is in Nassau county. She does not deny that she is a resident of Nassau county, but merely says that during her husband's lifetime she "spent the winter months in New York City and the summer months at my country place in

---

Glen Cove." She also says that at the time the cause of action arose she owned a house No. 3 East Sixty-Seventh street, "and lived there, and for many years prior thereto." This is the same house that she sold in May, 1909, before the commencement of this action. The plaintiff is beyond dispute a resident of Nassau county, and it sufficiently appears that the defendant also resides in Nassau county.

Order appealed from reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.